IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41116
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KARL GAYWIN ACLESE,

Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CV-97
- - - - - - - - - - -
July 24, 1998

Before DUHE', EMILIO M. GARZA and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Karl Gaywin Aclese, inmate # 04913-078, appeals the district court's dismissal of his 28 U.S.C. § 2255 motion. Aclese's motion for appointment of counsel is DENIED.

Aclese contends that the district court erred in applying the procedural bar to his claims that the drug quantity for which he was held accountable was not foreseeable to him and that the evidence was insufficient to demonstrate a conspiracy. Aclese asserts that his attorney provided ineffective assistance.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Aclese also asserts that his sentence should not have been calculated by using the Sentencing Guidelines for crack cocaine.

On direct appeal, we determined that the drug quantity attributed to Aclese was foreseeable.  Aclese may not assert that issue under § 2255.  See United States v. Kalish, 780 F.2d 506, 508 (5th Cir. 1986)(issues determined in a previous appeal are not considered in § 2255 motions).

We do not consider Aclese's assertion, raised in his reply brief, that counsel's ineffective assistance was cause for his failure to assert the conspiracy issue on direct appeal.  See Stephens v. C.I.T. Group/Equip. Fin., Inc., 955 F.2d 1023, 1026 (5th Cir. 1992)(we do not consider issues raised for the first time in a reply brief).  Further, the trial record refutes Aclese's contention that the evidence was insufficient to prove that he engaged in a drug conspiracy.

To establish a claim of ineffective assistance of counsel, Aclese must show that counsel's representation fell below an objective standard of reasonableness and that there is a reasonable probability that the results of the proceeding would have been different except for counsel's unprofessional errors. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984).  An ineffective-assistance claim may be rejected because of an insufficient showing of prejudice, without assessing the adequacy of counsel's performance.  United States v. Fuller, 769 F.2d 1095, 1097 (5th Cir. 1985).

The decision to raise certain issues on appeal is a matter of professional judgment, and appellate counsel need not assert every nonfrivolous issue on appeal.  See Jones v. Barnes, 463 U.S. 745, 750-51 (1983).  Aclese has not shown prejudice from counsel's admission on appeal that Aclese received the drugs and for counsel's alleged failure to notify him of the direct appeal judgment in a more timely fashion.

Aclese has not shown error, much less plain error, in conjunction with his claim that his sentence should not have been calculated based on crack cocaine.  We have determined that "for purposes of the Sentencing Guidelines, `cocaine base' means `crack.'"  United States v. Brewster, 137 F.3d 853, 857 (5th Cir. 1998).

Aclese has abandoned the issues raised in the district court that the Government failed to disclose to the jury the bargain it made with witness Roger Johnson and that his conviction was a violation of double jeopardy by failing to assert them on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987)(issues not asserted on appeal are abandoned).

The decision of the district court is AFFIRMED.

AFFIRMED; MOTION DENIED.